# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 22-0700V**

|  |  |
|---|---|
| DANIELLE POLZIN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 26, 2026 |

*Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.*

*Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 22, 2022, Danielle Polzin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus vaccination she received on December 16, 2019. Petition at 1. On April 28, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 30. On November 7, 2025, I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 40.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner then filed an interim motion for attorney's fees and costs, requesting an award of $21,640.24 (representing $20,870.00 in fees plus $770.24 in costs). Petitioner's Motion for Interim Fees filed April 8, 2025, ECF No. 28. Additionally, Petitioner filed a final motion for attorney's fees and costs, requesting an award of $9,793.68 (representing $9,729.50 in fees plus $64.18 in costs). Petitioner's Motion for Final Attorney Fees and Costs filed December 12, 2025, ECF No. 45. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 45-5.

Respondent reacted to the interim motion, deferring to the Chief Special Master to determine whether or not petitioner has met the legal standard and statutory requirements for an interim fees and costs award and deferring resolution of the amount to be awarded to my discretion. Respondents' response to interim fees motion at ECF No. 29. Petitioner did not file a reply to Respondents' response to the interim fee motion. Respondent did not file a response to the final fee motion.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. And all time billed to the matter was also reasonably incurred.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No.'s 28-2 at 9-15 and 45-2 at 8-11. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's motions for attorney's fees and costs. I award a total of **$31,433.92 (representing $30,599.50 in fees plus $834.42 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.